**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |
|---|---|
| WENDY TRICE | : |
| Plaintiff, | : Civil Action No.:  1:19-cv-3272-GLR |
| v. | : |
| OLIVERI & ASSOCIATES, LLC | : |
| Defendant. | : |

# DECLARATION OF COURTNEY L. WEINER IN SUPPORT OF PLAINTIFF'S REQUEST FOR DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)

I, Courtney L. Weiner, declare as follows:

1. I am an attorney license to practice law in Maryland, the District of Columbia, New York, and Pennsylvania (inactive).

2. I am co-counsel for Plaintiff, Wendy Trice, in the above-captioned matter, and, as such, I am familiar with the details of this case, and the facts alleged herein.

3. As detailed in Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint or in the Alternative, Motion for Summary Judgment, Defendants' Motion for Summary Judgment presents a number of factual issues and is clearly premature given the stage of this litigation and should be denied outright.

4. I submit this declaration pursuant to Fed. R. Civ. P. 56(d) in support of Plaintiff's request for discovery regarding factual issues raised in Defendant's Motion to Dismiss the

Amended Complaint or in the alternative, Motion for Summary Judgment.

5.  Defendant's Memorandum relies heavily on a sampling of its correspondence with Plaintiff containing purported accounting information.

6.  The correspondence supplied by Defendant is not the complete record of correspondence.

7.  Defendant's accounting does not appear to be consistent across its own records, or consistent with records of its client, Plaintiff, or Plaintiff's bank.

8.  Plaintiff requires discovery to obtain full records from Defendant, Elvaton Towne Condominium, Regime II, Inc. ("Elvaton"), and any relevant financial institutions, and to question Defendant about any discrepancies.

9.  Defendant's correspondence also includes a number of fees and charges, including insufficient funds fees, a lien release fee, and attorney's fees, that it maintains are accurate and proper.

10. Plaintiff requires discovery into Defendant's records to determine the basis for Defendant's insufficient funds charge, as it conflicts with Plaintiff's records.

11. Plaintiff also requires discovery into Defendant's records to determine if and when Defendant actually collected a lien release fee, as the face of the documents Defendant presents provide incomplete information.

12. Plaintiff further requires discovery into Defendant's records to determine the basis for Defendant's charge of more than $7,000 in attorney's fees, including whether they arise from a proceeding in which fees were not granted, as well as the overall reasonableness of the fees.

13. Plaintiff has alleged in her Complaint that she entered into several payment plans with Defendant, including an agreement for post-judgment assessments.

14. Defendant asserts that Plaintiff did not comply with her payment plans but provides no support for its statements.

15. Plaintiff requires discovery into Defendant's records, as well as potential deposition testimony, to determine what payment plans were in place for specific periods of time and whether Plaintiff in fact complied.

16. Defendant also claims that it did not receive any payments from Plaintiff.

17. Defendant has provided no support for its assertion, and Plaintiff requires discovery into Defendant's records to determine whether Defendant received any payments directly from Plaintiff and the extent to which it retained any indirect payments.

18. Plaintiff has also alleged irregularities in Defendant's disbursement and application of her payments, which the correspondence proffered by Defendant does little to elucidate.

19. Plaintiff requires discovery into Defendant's records to determine how her payments were disbursed and applied to her alleged debts.

20. Finally, Defendant alleged it lacked knowledge of any of its violations.

21. Defendant has provided no affidavit as to its knowledge.

22. Plaintiff requires discovery to explore Defendant's knowledge and intent in its collection practices.

23. Plaintiff does not currently have access to sufficient information to challenge Defendant's supported and unsupported factual assertions.

24.  In order to appropriately respond to the numerous factual issues raised by Defendant's Memorandum, Plaintiff would need discovery through both written requests, and deposition testimony on the topics identified above.

25. The foregoing evidence is essential to demonstrate the existence of disputes concerning

facts material to the disposition of this case.

26. Plaintiff is presently unable to sufficiently present the foregoing evidence because the majority such evidence is solely and exclusively in the possession and control of Defendant and Elvaton.

27. Accordingly, Plaintiff respectfully requests that this Court grant her relief under Fed. R. Civ. P. 56(d) by denying Defendant's alternative motion for summary judgment and allowing the parties to proceed with discovery on these matters.

28. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 3, 2020

Respectfully submitted,


*/s/ Courtney L. Weiner*
Courtney L. Weiner (#19463)
1629 K St., NW, Suite 300
Washington, DC 20006
Telephone:  (202) 827-9980
cw@courtneyweinerlaw.com