IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WENDY TRICE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-19-3272 |
| OLIVERI & ASSOCIATES, LLC, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Wendy Trice's Motion for Partial Judgment on the Pleadings and Request for Hearing (ECF No. 37) and Defendant Oliveri & Associates, LLC's Motion to Dismiss Plaintiff Wendy Trice's Amended Complaint, or in the Alternative, for Summary Judgment and Request for Hearing (ECF No. 38). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021).[1] For the reasons set forth below, the Court will deny the Motions.

### I.   BACKGROUND[2]

**A.   Factual Background**

**1.   2009 Lien**

In May 2007, Plaintiff Wendy Trice purchased a condominium in the Elvaton Towne Condominium Regime II ("Elvaton") in Glen Burnie, Maryland. (Am. Compl.

---

[1] The Court recognizes that both parties have requested hearings on their Motions. Having determined that no hearing is necessary to understand the issues underlying the Motions, the Court will deny the requests.

[2] Unless otherwise noted, the Court takes the following facts from the Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

¶¶ 8–9, ECF No. 23). Under Elvaton's Bylaws, Trice and all other Elvaton homeowners were required to pay monthly condominium assessments to cover the cost of building maintenance, property taxes, water and sewage fees, and other communal expenses. (See Elvaton By-Laws ["Bylaws"] at 16–18, ECF No. 1-2). The Bylaws also authorized Elvaton to use late fees, liens, and legal action to recover past-due assessments. (Id. at 20–23).

In August 2008, Trice was unable to pay her $180 assessment because Elvaton towed her car from the community's parking lot earlier that month, costing her approximately $200 in towing fees. (Am. Compl. ¶¶ 11–14). Trice later fell three months behind in her assessment payments. (Id. ¶¶ 13–14, 30). Elvaton enlisted Oliveri & Associates, LLC ("Oliveri"), a Maryland-based collections agency, to collect Trice's past-due assessments. (Id. ¶¶ 3–4, 15–16). On January 22, 2009, Oliveri recorded a lien (the "2009 Lien") against Trice's condominium for delinquent assessments that had accrued from October 2008 to December 2008. (Id. ¶¶ 29–30). The 2009 Lien totaled "$1,111.12, plus all sums becoming due thereafter, including but not limited to monthly assessments, special assessments, late fees, interest, attorneys' fees, costs of collection, fines, violations and nonsufficient funds fees." (Id. ¶ 29; see also 2009 Lien at 2, ECF No. 1-1).[3]

### 2. 2015 Lawsuit and 2016 Judgment

On November 5, 2015, Oliveri, on behalf of Elvaton, brought a collection suit against Trice in the District Court for Anne Arundel County, Maryland. (Am. Compl. ¶ 37). Following a trial on the merits, the state court entered a judgment against Trice on March

---

[3] Citations to the 2009 Lien refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

31, 2016 for $11,593.52 (the "2016 Judgment"), which included a principal amount of $7,617.66, pre-judgment interest of $2,576.12, and attorneys' fees of $1,145.00. (Id. ¶ 38). The court also awarded Elvaton ten percent in post-judgment interest. (Id. ¶ 39).

Pursuant to a payment arrangement and through wage garnishment, Trice paid Oliveri $11,696.48 by the end of 2017. (Id. ¶¶ 40–44). In April 2018, Trice allegedly owed an additional $938.62, which she eventually paid. (Id. ¶¶ 44–45).

On or about May 1, 2019, Oliveri filed a Notice of Satisfaction of the 2016 Judgment. (Id. ¶ 49). Despite satisfaction of the 2016 Judgment, Oliveri refused to release the 2009 Lien. (Id. ¶ 50). Oliveri collected an additional $5,065.00 from Trice in post-judgment assessments, though it is unclear from the Amended Complaint when those payments occurred. (Id. ¶¶ 51–52).

As of March 2019, Oliveri contends it is owed post-judgment amounts of $9,101.02, with a total balance purportedly secured by the 2009 Lien of $10,109.64. (Id. ¶ 54). The amounts include $7,480.50 in attorneys' fees that were included in the 2016 Judgment. (Id. ¶ 55). Oliveri posted a Notice of Intent to Foreclose on the Lien on Trice's door in or around July 2019 and continues its efforts to collect the post-judgment fees. (Id. ¶ 58).

**B.     Procedural History**

On November 13, 2019, Trice filed suit against Oliveri alleging: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I); violation of the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 et seq. (Count II); unjust enrichment (Count III); and declaratory

3

judgment (Count IV). (Compl. ¶¶ 64–94, ECF No. 1). Trice sought damages, litigation costs and attorneys' fees, pre- and post-judgment interest, and declaratory relief. (Id. at 12).

On January 6, 2020, Oliveri filed a Motion to Dismiss Plaintiff Wendy Trice's Complaint, or, in the Alternative, for Summary Judgment. (ECF No. 12). On February 3, 2020, Trice filed an Opposition. (ECF No. 17). Oliveri filed a Reply on February 18, 2020. (ECF No. 18).

On August 14, 2020, the Court granted in part and denied in part the Motion to Dismiss. See Trice v. Oliveri & Assocs., LLC, No. GLR-19-3272, 2020 WL 4732139 (D.Md. Aug. 14, 2020). Initially, the Court declined to convert the Motion to a motion for summary judgment, finding that Trice's counsel had properly requested relevant discovery pursuant to Federal Rule of Civil Procedure 56(d) and that Trice was "entitled to any discovery relevant to her claims." Id. at *3. Construing the Motion as a motion to dismiss under Rule 12(b)(6), the Court found that Trice (a) failed to state a claim for which relief may be granted under 15 U.S.C. § 1692d(1) of the FDCPA; (b) stated a claim against Oliveri for violations of §§ 1692e(2), (4), (5), and (10) of the FDCPA; (c) failed to state a claim under the MCDCA; (d) failed to state a claim for unjust enrichment; and (e) failed to state a claim for declaratory judgment. Trice, 2020 WL 4732139, at *7–9. The Court then instructed Oliveri to answer the remaining claims under the FDCPA.

Oliveri filed its Answer on September 4, 2020. (ECF No. 22). Three days later, on September 7, 2020, Trice filed an Amended Complaint. (ECF No. 23). In the Amended Complaint, Trice alleges: violation of the FDCPA (Count I); violation of the MCDCA (Count II); and violation of the Maryland Consumer Protection Act ("MCPA"), Md. Code

4


Ann., Com. Law § 14-201 et seq. (Count III). (Am. Compl. ¶¶ 64–92). Trice seeks actual, statutory, and punitive damages, litigation costs and attorneys' fees, and pre- and post-judgment interest. (Id. at 12).

On September 21, 2020, Oliveri filed a Motion to Strike Trice's Amended Complaint. (ECF No. 24). Trice filed an Opposition to Oliveri's Motion in which she sought leave to amend her Complaint nunc pro tunc. (ECF No. 25). On November 5, 2020, the Court denied Oliveri's Motion to Strike and directed Oliveri to respond to the Amended Complaint. (ECF No. 26).

Oliveri filed an Answer to the Amended Complaint on December 14, 2020. (ECF No. 31). That same day, Oliveri filed a Motion to Stay that Trice opposed. (ECF Nos. 29, 30). The Motion to Stay brought to the Court's attention the case of In re Walker, 248 A.3d 981 (Md. 2021), which was then pending before the Maryland Court of Appeals. Oliveri argued that the instant case would "likely be affected by the Court of Appeals' interpretation of Maryland law on numerous overlapping issues," and that "there is a possibility that this Court and the Maryland Court of Appeals could reach diametrically opposed conclusions on identical issues of law." (Mot. Stay at 4–5, ECF No. 29). On December 18, 2020, the Court granted the Motion and stayed this action pending the Court of Appeals' decision in In re Walker. (ECF No. 32).

On April 13, 2021, Trice notified the Court that the Court of Appeals had issued its decision in In re Walker. (ECF No. 33). The Court thus lifted the stay and issued a preliminary Scheduling Order opening discovery in the case. (ECF No. 34). Five days later, however, the parties jointly submitted correspondence to the Court requesting that the

Court again stay the action to allow the parties to file dispositive motions in light of the Court of Appeals' ruling in In re Walker. (ECF No. 35). The Court approved the parties' request and again stayed the action on April 22, 2021. (ECF No. 36). In its Order staying the action, the Court directed that Trice may file a motion for judgment on the pleadings on April 30, 2021, and that Oliveri may file a "[d]ispositive [m]otion" on May 21, 2021. (Apr. 22, 2021 Order ["Stay Order"] at 1, ECF No. 36).

On April 30, 2021, Trice filed a Motion for Partial Judgment on the Pleadings and Request for Hearing ("Motion for Judgment") (ECF No. 37). On May 21, 2021, Oliveri filed an Opposition to the Motion for Judgment. (ECF No. 38). That same day, Oliveri also filed a Motion to Dismiss Plaintiff Wendy Trice's Amended Complaint, or in the Alternative, for Summary Judgment and Request for Hearing ("Motion to Dismiss") (ECF No. 38). On June 11, 2021, Trice filed a joint Opposition to the Motion to Dismiss and Reply in Support of the Motion for Judgment. (ECF No. 40). On June 25, 2021, Oliveri filed a Reply in Support of its Motion to Dismiss. (ECF No. 41). Trice filed a Notice of Supplemental Authority on September 2, 2021. (ECF No. 44).

## II. DISCUSSION

### A. Oliveri's Motion

Before substantively reviewing Oliveri's Motion to Dismiss, the Court first turns to Trice's argument that the Motion is procedurally improper. Trice premises her argument on two grounds: (1) Defendant was not entitled to file a Rule 12(b)(6) motion after it filed an Answer; and (2) any Rule 56 motion for summary judgment is premature because Trice still requires the same discovery to which the Court held she was entitled in its previous

6

Opinion. (See Pl.'s Consolidated Mem. Law Opp'n Def.'s Mot. Dismiss Alt. Summ. J. & Reply Mem. Supp. Pl.'s Mot. J. Pleadings ["Pl.'s Opp'n"] at 2–4, ECF No. 40); see also Trice, 2020 WL 4732139, at *3. Thus, according to Trice, because Oliveri may not file a Rule 12(b)(6) motion at this stage of the litigation and Trice requires discovery before a Rule 56 motion is appropriate, the entire Motion should be denied. Oliveri counters that (1) it timely filed its Motion in line with the Court's April 22, 2021 Order (ECF No. 36), and (2) the Court should not credit the Rule 56(d) affidavit submitted by Trice's counsel because Trice already has access to the records she supposedly needs. At bottom, the Court agrees with Trice and will deny Oliveri's Motion as procedurally improper.

Motions made under Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b) (emphasis added). Here, Oliveri filed an Answer to the Amended Complaint on December 14, 2020. (ECF No. 31). Oliveri filed the Motion to Dismiss on May 21, 2021. (ECF No. 38). The Motion, which Oliveri filed after the pleadings were closed, could not be made pursuant to Rule 12(b)(6). Oliveri could have moved for judgment on the pleadings under Rule 12(c). See Fed.R.Civ.P. 12(c) ("After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."), (h) ("Failure to state a claim upon which relief can be granted . . . may be raised: . . . by a motion under Rule 12(c)."). Such a motion would have constituted a "dispositive motion" within the dictates of the Stay Order. Oliveri chose not to proceed under Rule 12(c). Further, even upon receiving notice of Trice's argument regarding the procedural defects in the Motion to Dismiss—both via proactive contact from Trice's counsel on May 28, 2021, (see Pl.'s Opp'n at 2 n.1), and through Trice's Opposition—

7

Oliveri made no effort to reframe its Motion or otherwise request that the Court construe the Motion as a motion filed under Rule 12(c). The Court thus finds that Oliveri improperly moved this Court to dismiss Trice's claim pursuant to Rule 12(b)(6) after the window for such a motion closed. The fact that Oliveri filed <u>a dispositive motion</u> within the time constraints set forth in the Court's Stay Order does not make the specific Motion it chose to file timely under the Federal Rules. Accordingly, the Court will deny the Motion to the extent it is brought under Rule 12(b)(6).

With respect to Oliveri's request that the Court review the Motion as a motion for summary judgment, the Court declines to do so. For the same reasons the Court found that Trice was entitled to discovery in its August 2020 Opinion declining to convert Oliveri's initial motion to dismiss into a motion for summary judgment, <u>see</u> <u>Trice</u>, 2020 WL 4732139, at *3, Trice remains entitled to discovery now. Counsel for Trice encloses with her Opposition a credible Rule 56(d) affidavit in which, like the Rule 56(d) affidavit attached to her earlier Opposition, she identifies several categories of relevant documents she seeks through discovery. (<u>See</u> ECF No. 40-1). Oliveri does not identify any discovery exchanged by the parties that would lead the Court to abandon its earlier finding; indeed, discovery in this action has only been open for six days. (<u>See</u> ECF Nos. 34, 36). Accordingly, for the reasons set forth in the Court's August 2020 Opinion, the Court again declines to convert Oliveri's Motion into a motion for summary judgment. Because the

Motion is not ripe for review under either Rule 12(b)(6) or Rule 56, the Court will deny the Motion in its entirety as procedurally improper.[4]

**B.     Trice's Motion**

    **1.     Standard of Review**

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The Court applies the same standard to Rule 12(c) motions for judgment on the pleadings and 12(b)(6) motions to dismiss for failure to state a claim. Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014). The Court tests "the sufficiency of a complaint" but will not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). As the Court addresses sufficiency, it bears in mind the requirements of Federal Rule of Civil Procedure 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and state "a plausible claim for relief," Iqbal, 556 U.S. at 678–79. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of

---

[4] Moreover, for the reasons set forth in Section II.B.2, infra, even if the Court were to consider the substantive arguments in the Motion to Dismiss, it appears virtually certain that the Motion would fail on the merits.

9

action, supported by mere conclusory statements, do not suffice." Id. Although the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a 12(c) motion, "all well-pled facts are assumed to be true and all reasonable inferences are drawn in favor of the non-moving party." Language Doctors, Inc. v. MCM 8201 Corporate, LLC, No. PWG-20-1755, 2021 WL 718940, at *3 (D.Md. Feb. 24, 2021); Belmora LLC v. Bayer Consumer Care AG, 819 F.3d 697, 702 (4th Cir. 2016). "Ultimately, a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." Somerville v. W. Town Bank & Trust, No. PJM-19-490, 2020 WL 8256358, at *1 (D.Md. Dec. 4, 2020). "Moreover, unlike a Rule 12(b)(6) motion, a Rule 12(c) motion requires the court to consider and decide the merits of the case, on the assumption that the pleadings demonstrate that there are no meaningful disputes as to the facts such that the complaint's claims are ripe to be resolved at this very early stage of the litigation." Id. A motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." United States v. Castillo, No. PWG-19-3459, 2021 WL 825974, at *3 (D.Md. Mar. 4, 2021) (quoting Shooting Point, LLC v. Cumming, 238 F.Supp.2d 729, 735 (E.D.Va. 2002)).

**2.     Analysis**

In her Motion for Judgment, Trice asks the Court to enter judgment in her favor with respect to her claim under the FDCPA. The FDCPA is a strict liability statute that safeguards consumers from abusive, coercive, and deceptive debt collection practices by debt collectors. See 15 U.S.C. § 1692k(a); Spencer v. Hendersen-Webb, Inc., 81 F.Supp.2d 582, 590–91 (D.Md.1999). To state a claim under the FDCPA, a plaintiff must allege that: (1) "the plaintiff has been the object of collection activity arising from consumer debt"; (2) "the defendant is a debt [] collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." Sterling v. Ourisman Chevrolet of Bowie Inc., 943 F.Supp.2d 577, 585 (D.Md. 2013) (alteration in original) (internal quotation marks omitted). For purposes of the FDCPA, "debt collectors" are entities that "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due another." Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (quoting 15 U.S.C. § 1692a(6)) (cleaned up).

Neither party disputes that Trice was subject to collection activity related to a consumer debt or that Oliveri is a debt collector as defined by the FDCPA. Rather, the parties disagree as to the legality of Oliveri's debt collection practices. Trice alleges that Oliveri employed three distinct debt collection practices that violated various provisions of the FDCPA. First, Trice asserts that Oliveri violated §§ 1692e(2), (4), (5), and (10) by pursuing debt collection and threatening to foreclose on the 2009 Lien for amounts not authorized by Maryland law, any agreement, or the Elvaton Bylaws. Second, Trice alleges that Oliveri also violated §§ 1692e(2) and (10) by representing that it had a valid security

11

interest in her home. Third, Trice contends that Oliveri collected a lien release fee without releasing the 2009 Lien in violation of §§ 1692f(1) and 1692e(2) and (10). According to Trice, Oliveri knew or should have known that under the MCLA, it was not entitled to collect fees and charges arising from debts accrued under a continuing lien. Oliveri's efforts to collect those debts were, therefore, misleading and violated §§ 1692e and 1692f.[5] The parties further disagree as to whether the Court of Appeals' decision in In re Walker entitles Trice to judgment on the pleadings as to her claims under the FDCPA.

In In re Walker, the Maryland Court of Appeals found that a community association's lien perfected under the Maryland Contract Lien Act, Md. Code Ann., Real Prop. § 14-201 et seq. ("MCLA"), may not "secure unpaid damages, costs, charges, and fees which accrue after the recordation of the lien." 248 A.3d at 984 (emphasis added). Considering a lien very similar to the one at issue in this case, the Court of Appeals held that a "continuing lien" of this nature "does not comport with a common sense reading of the plain text of the [MCLA]." Id. at 990. Rather, the MCLA "limits sums that can be secured by the lien to unpaid damages, costs, and fees due under contract" and does not include "future damages, costs and fees that have yet, and may never materialize." Id. at 993.

---

[5] The Amended Complaint also references claims under § 1692d. Those claims were dismissed with prejudice in the Court's August 2020 Opinion, however, and Trice has conceded that they were inadvertently included in the Amended Complaint. (Pl.'s Opp'n at 13 n.4). Accordingly, for clarity, the Court will dismiss the claims under § 1692d in the Amended Complaint.

Oliveri argues that it has not violated the FDCPA because its actions were legal and in accord with the MCLA until the In re Walker decision on March 30, 2021. Thus, all of Oliveri's arguments appear to turn on whether the Court of Appeals' decision in In re Walker was the law prior to March 2021, i.e., whether In re Walker applies retroactively.[6] At bottom, the Court agrees with Trice on virtually all points but finds that the facts are not sufficiently certain to warrant entering judgment on the pleadings.

Judicial interpretations of statutes generally apply retroactively. A recent decision by another federal court helpfully set forth the Supreme Court guidance on this issue:

> The Supreme Court has long recognized that judicial interpretations of statutes generally apply retroactively. See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993) ("When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."); Rivers v. Roadway Exp., Inc., 511 U.S. 298, 311–312 (1994) ("The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student.") (quoting United States v. Security Industrial Bank, 459 U.S. 70, 79 (1982)). This principle stems from the concept—articulated by the Court in Marbury v. Madison—that it is a court's power is to "say what the law is." 5 U.S. 137, 177 (1803). Thus, when the Court

---

[6] Oliveri briefly argues that because In re Walker applied to the MCLA, not the FDCPA, it does not bear on Count I. (See Def.'s Mot. Dismiss Pl.'s Am. Compl. Alt. Summ. J. & Req. Hr'g ["Def.'s Mot."] at 20–21, ECF No. 38-1). This argument misses the mark. The gravamen of Trice's allegations is that because Oliveri's continuing lien was unlawful under the MCLA, its assertions that Trice owed a debt under the continuing lien were false and misleading. In other words, a finding that the continuing lien was unlawful under the MCLA, insofar as it attempted to collect amounts accruing after the lien was imposed, would render Oliveri's assertions that Trice owed those amounts false and misleading and therefore violative of the FDCPA. Thus, the fact that In re Walker does not directly interpret the FDCPA does not render it irrelevant to the Court's analysis.

13

>interprets a statute, "it is explaining its understanding of what the statute has meant continuously since the date when it became law." Rivers, 511 U.S. at 313 n. 12.

Pavelka v. Charter Commc'ns, Inc., No. 3:20-CV-01557 (MPS), 2021 WL 5566390, at *6 (D.Conn. Nov. 29, 2021). The Court of Appeals of Maryland has adopted a similar rule. See Polakoff v. Turner, 869 A.2d 837, 850 (Md. 2005) ("[B]oth the federal rule and the general rule in Maryland is that a new interpretation of a statute applies to the case before the court and to all cases pending where the issue has been preserved for appellate review.").[7] Indeed, "[i]t is only when a decision 'constitutes a clear break with the past' that a question of prospective application arises." Rockwell v. State, No. 150, Sept. Term 2018, 2019 WL 3526447, at *4 (Md.Ct.Spec.App. Aug. 2, 2019) (quoting Denisyuk v. State, 30 A.3d 914, 923 (Md. 2011)), cert. denied, 219 A.3d 533 (Md. 2019). Moreover, even if Oliveri were correct in asserting that the In re Walker decision represented a change in the law—as opposed to a clarification of a previously unresolved aspect of the law—Trice "would nevertheless be entitled to the benefit of that change in legal interpretation because [she] had raised the same issue in [her] case." Hous. Auth. of Balt. City v. Lynch, No. 652, Sept. Term 2016, 2017 WL 2351493, at *7 (Md.Ct.Spec.App. May 31, 2017). Accordingly, there is no question that In re Walker applies retroactively and was the law applicable to actions taken by Oliveri before the decision issued.

---

[7] Oliveri's citations to cases finding that "statutes are presumed to operate prospectively," see Roth v. Dimensions Health Corp., 632 A.2d 1170, 1174 (Md. 1993), are unavailing. The MCLA is not a new statute; rather, In re Walker is a new decision interpreting a preexisting statute. In that situation, the Court of Appeals' interpretation applies retroactively.

Oliveri further argues that it could not be liable for violating the MCLA based on an interpretation of the statute that occurred after its purportedly unlawful actions. In other words, Oliveri argues, because it operated on a good faith understanding that continuing liens were permitted under the MCLA, its efforts to collect debts pursuant to the continuing lien could not have been false or misleading under the FDCPA. But as set forth above, the FDCPA is a strict liability statute, "impos[ing] liability on any debt collector who fails to comply with any provision of the Act." Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 375 (4th Cir. 2012) (internal quotation marks omitted). A consumer must only prove one violation to trigger liability. Liversage v. Nationwide Debt Mgmt. Sols., LLC, No. ELH-15-1266, 2016 WL 106301, at *3 (D.Md. Jan. 11, 2016); see also 15 U.S.C. § 1692k (creating civil liability for "any debt collector who fails to comply with any provision of this subchapter with respect to any person"). "[T]hus, there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional." Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437–38 (2d Cir. 2018). Rather, "[d]ebt collectors may not make false claims, period." Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004). In other words, a debt collector may violate the FDCPA even if it unintentionally makes a false statement. Turner v. J.V.D.B. & Assocs., Inc., 330 F.3d 991, 995 (7th Cir. 2003) ("[U]nder § 1692e ignorance is no excuse."); Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996) ("[A] consumer need not show intentional conduct by the debt collector to be entitled to damages."); but cf. Randolph, 368 F.3d at 730 ("In lieu of a scienter requirement, the FDCPA provides a defense 'if the debt collector shows by a preponderance of evidence that the violation was not intentional

15

and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" (quoting 15 U.S.C. § 1692k(c))).[8]

Oliveri next argues that its efforts to collect on the basis of its continuing lien could not have been "false or misleading" because the United States Court of Appeals for the Fourth Circuit held in 2019 that continuing liens like the one at issue in this action were permissible under the FDCPA. See Archie v. Nagle & Zaller, P.C., 790 F.App'x 502, 504–06 (4th Cir. 2019). This argument fails for two reasons. First, the Archie decision, as well the decision by this Court that it affirmed, found that "Maryland law 'does not expressly permit or prohibit' continuing lien clauses." Id. at 505 (quoting Archie v. Nagle & Zaller, P.C., No. GJH-17-2524, 2018 WL 3475429, at *5 (D.Md. July 19, 2018)). Thus, the Fourth Circuit did not opine that Maryland law was settled on this subject. Second, Archie was an unpublished per curiam decision. Thus, it is not precedential on this Court and certainly did not purport to resolve Maryland law. For these reasons, the decision of the Archie Court does not insulate Oliveri for its failure to comply with the MCLA.

Oliveri briefly argues that Trice should be estopped from asserting claims arising from the continuing lien because those claims were already rejected by the District Court for Anne Arundel County in Elvaton Towne Condominium, Regime II, Inc. v. Trice, No. D-07-CV-15-011942 (Dist.Ct.Md. filed Nov. 5, 2015). However, Trice concedes that "all

---

[8] It does not appear that Oliveri has asserted a bona fide error defense in this case. Even if it did, however, "the defense does not immunize mistakes of law, even if the defendant relied on the advice of counsel, and the errors that may insulate a defendant from liability are generally limited to clerical mistakes." Spencer, 81 F.Supp.2d at 591 (citations omitted).

of the debt collection conduct alleged as FDCPA violations occurred in 2019," (Mot. Partial J. Pleadings & Req. Hr'g ["Pl.'s Mot."] at 11, ECF No. 37), and, as Trice correctly states, "no prior determination by any court even arguably addressed or could have Defendant's collection efforts in 2019, as all state litigation between the parties had concluded," id. Accordingly, Oliveri's estoppel argument fails as to Trice's claims under the FDCPA.

Finally, the FDCPA is a remedial statute. Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 393 (4th Cir. 2014). For such statutes, courts must adopt a "standard of liberal construction in order to accomplish Congress' objects." Atchison, Topeka & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 562 (1987) (quoting Urie v. Thompson, 337 U.S. 163, 180 (1949)) (cleaned up). Here, the Court finds that a retroactive application of the Court of Appeals' interpretation of the MCLA aligns with Congress's goals in passing the FDCPA.

Thus, the Court finds that the Court of Appeals' decision in In re Walker applies retroactively; that the FDCPA is a strict liability statute for which a debt collector remains liable for unintentional violations, including mistakes of law; that the Fourth Circuit's Archie decision does not insulate Oliveri from liability; that Trice is not estopped from pursuing her claims under the FDCPA; and that the remedial nature of the FDCPA augurs in favor of construing the law in a manner that protects consumers like Trice. For all these reasons, it appears very likely to this Court that Trice will prevail on her FDCPA claim. However, the Court does not review Rule 12(c) motions under a preponderance of the evidence standard. Rather, the Court is obligated to draw "all reasonable inferences . . . in

17

favor of the non-moving party." Language Doctors, 2021 WL 718940, at *3. Further, a motion for judgment on the pleadings "should not be granted unless it appears to a certainty that the non-moving party cannot prove any set of facts in support of its claim that would entitle it to relief." Castillo, 2021 WL 825974, at *3 (quoting Shooting Point, 238 F.Supp.2d at 735). In cases where a plaintiff has moved for judgment on the pleadings, courts have held that "[a] Rule 12(c) Motion requires that all pleadings – not just the Complaint – be considered, and that factual disputes in the pleadings be resolved in the non-movant's favor." Volvo Fin. Servs. v. JRD Contracting, Inc., No. CV 17-0089-WS-B, 2017 WL 8941065, at *3 (S.D.Ala. July 7, 2017). Accordingly, "a plaintiff is entitled to judgment on the pleadings only where the undenied facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability." Id.; see also Educ. Impact v. Travelers Prop. Cas. Co. of Am., No. 15-CV-04510-EMC, 2016 WL 1639548, at *1 (N.D.Cal. Apr. 26, 2016) ("If there are disputed facts, then the allegations of the nonmoving party are taken as true.").

Here, Oliveri has denied every allegation in Count I. Moreover, Oliveri has denied the overwhelming majority of the predicate facts potentially forming the basis for relief under the FDCPA. Those facts that Oliveri has admitted—e.g., the existence of the 2009 Lien, the Notice of Satisfaction of Judgment and subsequent refusal to release the Lien, and the posting of the Notice of Intent to Foreclose, (see Def.'s Answer Pl.'s Am. Compl. ["Answer"] ¶¶ 29–30, 37–40, 49–50, 58)—do not lead this Court to conclude that there is a "certainty" that Oliveri cannot prove any set of facts in support of its defense. Trice essentially asks this Court to infer Oliveri's liability, positing that inasmuch as she satisfied

a judgment owed to Oliveri in March 2016, and Oliveri continued collection efforts (including posting a notice to of intent to foreclose) after that date, those collection efforts must have violated the MCLA and therefore the FDCPA. But the Court declines to draw such an inference in favor of the moving party. On the pleadings alone, and resolving all disputed facts in Oliveri's favor, there is insufficient evidence for the Court to conclude that Trice is certain to prevail on her claim under the FDCPA. Accordingly, the Court will deny the Motion for Judgment and permit this case to proceed to discovery.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny Trice's Motion for Partial Judgment on the Pleadings and Request for Hearing (ECF No. 37) and Oliveri's Motion to Dismiss Plaintiff Wendy Trice's Amended Complaint, or in the Alternative, for Summary Judgment and Request for Hearing (ECF No. 38). A separate Order follows.

Entered this 4th day of January, 2022.

/s/
George L. Russell, III
United States District Judge